IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALPHONZO DARNELL HENDERSON, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | <br><br><br><br>Case No. 10-0455-CV-W-ODS <br> Crim. No. 06-00391-01-CR-W-ODS |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255. The motion is denied.

I. BACKGROUND

In November 2006 Movant was indicted on one count of being a felon in possession of a firearm; specifically, a Mossberg Model 183KB .410 shotgun. The underlying facts giving rise to the charge were summarized by the Court of Appeals when it affirmed the denial of Movant's efforts to suppress evidence:

> When Kansas City police officers were dispatched to investigate a report of a suspicious person armed with a gun, a ten-year-old boy advised them that Mr. Henderson was armed with a gun and believed that his wife, Veronica Bennett, was in the house with another man. The boy told the officers that Mr. Henderson was walking around the house with the weapon saying that he was "going to kill him." The officers then went to the house and Allie Bennett, Veronica's mother, informed them that Mr. Henderson had a gun and was inside a bedroom with Veronica.
>
> When the officers knocked on the bedroom door, someone inside the room turned off the lights and the conversation inside ceased. After a short wait, the police officers opened the door, entered the bedroom, and arrested and handcuffed Mr. Henderson. They then searched the room

>and found a gun underneath a sheet on the bed next to where Mr. Henderson and his wife were standing.

United States v. Henderson, 553 F.3d 1163, 1164-65 (8th Cir. 2009) (per curiam).

Movant was appointed counsel to represent him a trial: Ms Anita Burns from the Federal Public Defender's Office. Approximately ten days before trial was to commence, Movant filed a pro se motion for a new attorney because Ms. Burns would not file certain motions. A hearing was conducted by the Honorable Robert E. Larsen, now the Chief Magistrate Judge of this district. Judge Larsen denied the motion orally and in a written order; the order states Movant "was unable to articulate specific complaints concerning Ms. Burns' performance" and Ms. Burns' explanation for deciding not to file certain motions left him convinced Movant was receiving competent representation.

On the morning of trial, Ms. Burns requested a continuance and a mental examination for Movant because he told her he was hearing voices. The motions were granted. After the mental examination was completed, Judge Larsen issued a Report recommending that Movant be found competent to stand trial; the Report and Recommendation was adopted by Honorable Fernando J. Gaitan, Jr., Chief Judge of this Court.

Movant then submitted a series of pro se motions. In September, Judge Larsen advised Movant his motions would not be considered because he was represented by counsel, and represented parties are not permitted to file pro se motions. Movant reiterated his unhappiness with Ms. Burns' representation, and on September 10 Ms. Burns moved to withdraw and Movant sought to represent himself. Judge Larsen held a hearing and found Movant knowingly and intelligently waived his right to counsel; Movant was permitted to proceed pro se and Ms. Burns was appointed as standby counsel.

Movant, now proceeding pro se, filed motions to suppress. These motions, coupled with motions Ms. Burns filed previously, argued (1) Movant was intoxicated and could not consent to police questioning, (2) the entry and search of the bedroom was unlawful, and (3) there was no probable cause to support Movant's arrest. Judge

Larsen issued a Report recommending that these motions be denied and the undersigned (to whom the case had been transferred) adopted Judge Larsen's Report and Recommendation. Movant then sought to revoke his election to represent himself and to have new counsel appointed. Judge Larsen essentially provided Movant with three options (1) continue representing himself, (2) retain counsel, or (3) have Ms. Burns reappointed as his counsel. Faced with these options, Movant chose the latter.

The case proceeded to trial on October 29, 2007. The jury returned a verdict of guilty on the sole count of the Indictment. The presentence investigation report ("PSR") indicated Movant was an armed career criminal because he had three or more prior violent felony convictions: a 1986 conviction for first degree burglary, a 1986 conviction for second degree burglary, a 1989 conviction for sodomy, and a 2000 conviction for second degree assault, armed criminal action, and unlawful use of a weapon. As an armed career criminal, his base offense level was 34 and his criminal history category was VI, yielding an advisory sentencing range of 262 to 327 months of imprisonment. He was sentenced to the bottom of the advisory range.

Movant sought new counsel to represent him on appeal, but the Court of Appeals denied his request and directed that "[t]he Federal Public Defender shall remain on the case." The Court of Appeals also denied Movant's request for leave to file a pro se brief. The issues raised by Ms. Burns addressed (1) the legality of the search and (2) the voluntariness of Movant's statements to the police. As noted, the Court of Appeals affirmed.

Movant filed his motion for postconviction relief in April 2010. Processing of the case was delayed while Movant pursued an interlocutory appeal of the Court's order denying his request to file an amended motion. The Court of Appeals dismissed the appeal, and the Mandate was issued on March 14, 2011. The next day, the Court issued an Order giving Movant thirty days to file a reply to the Government's opposition. To date, Movant has not filed a reply, making the case ripe for resolution.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel on Appeal

Movant contends he was entitled to effective assistance of counsel on appeal. While the observation is correct, Movant offers little to suggest why he believes this right was denied to him. Most of his arguments relate to Ms. Burns' actions while the case was pending in District Court, and even then they amount to nothing more than generalized complaints of an irreconcilable conflict. Nonetheless, Movant is proceeding pro se, so his claim must be viewed favorably in light of this fact.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). Finally, "[c]ounsel is not required to

raise every colorable claim on appeal." Armstrong v. Gammon, 195 F.3d 441, 444 (8th Cir. 1999). "Because of . . . the reality that effective appellate advocacy often entails screening out weaker issues, the Sixth Amendment does not require that appellate counsel raise every colorable or non-frivolous issue on appeal. Absent contrary evidence, we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." Roe v. Delo, 160 F.3d 416, 418 (8th Cir. 1998) (quotations and citations omitted).

The Court has reviewed Movant's filings in this case as well as the information submitted to the Court of Appeals. In particular, the Court has noted filings with the Court of Appeals on November 3, 2008, and December 1, 2008, that reflect his desire for certain issues or arguments be raised on appeal. Presuming these form the heart of Movant's claim, the Court concludes they do not support a claim of ineffective assistance of appellate counsel.

The information from November 2008 seeks to challenge a jury instruction Movant described as telling the jury "Missouri does not manufacture firearms." Movant reported the results of research on the Internet reflecting that eleven shotguns were manufactured in Missouri in 1998. Counsel's failure to raise this claim on appeal does not constitute ineffective assistance for several reasons. First, no such instruction was read to the jury. It appears Movant mis-remembered Instruction No. 19, which (in part) told the jury as follows:

> If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than Missouri and that the defendant possessed the firearm in the State of Missouri then you may, but are not required to, find that it was transported across a state line.

There was evidence from which the jury could find that the firearm was not manufactured in Missouri, but the jury was not told that it had to make this finding. Secondly, Movant has offered no indication that the Mossberg .410 gauge shotgun he was accused of possessing was among the eleven shotguns manufactured in Missouri. Ultimately, counsel acted reasonably in declining to advance this issue on appeal.

5

Movant's December 2008 filing presents additional authorities relating to the issues raised by counsel on appeal. In this regard he does not quarrel with the issues raised: he simply presented additional authority he wanted the Court of Appeals to consider. The Court holds that an attorney's decision as to which authorities to cite for a particular legal proposition is entitled to particularly broad deference. Here, none of the cases identified by Movant were dispositive; at best they established broad legal propositions that were easily established in other cases (including cases cited by counsel). This argument does not satisfy either of Strickland's prongs.[1]

### B. Ineffective Assistance of Counsel at Trial – Failure to Investigate

Movant generally alleges Ms. Burns failed to investigate his defense. However, he does not describe this defense, nor does he suggest what facts would have been unearthed had she conducted an investigation. It may be that this claim is intended as an overview in advance of his other claims, and if so it serves no purpose independent of his other claims.

In the discussion of this issue Movant also contends he had an irreconcilable conflict of interest with Ms. Burns, whom he claims refused to represent him because of his prior sodomy conviction. The Record belies this contention: Movant complained forcefully and often because Ms. Burns would not file motions he wanted filed. Movant surely would have mentioned that Ms. Burns told him she would not represent him because of his sodomy conviction, and the fact that he did not suggests that it did not happen. He also complains because Ms. Burns would not arrange for a preliminary hearing. However, it was not within Ms. Burns' power to arrange for a preliminary hearing because Movant was charged by Indictment.

---

[1]The December 2008 filing also discusses the length of the firearm he was charged with possessing. Movant presents this issue to support his claim that Ms. Burns provided ineffective assistance at trial, and the Court will discuss the issue in that context in Part II.C, *infra*.

### C. Ineffective Assistance of Counsel at Trial – Failure to Present Legal Defense

Movant contends his attorney was ineffective for failing to raise arguments regarding the length of the shotgun. Movant argues that his shotgun was not a "short-barreled" or "sawed-off" shotgun, but this fact is irrelevant because he was not charged with possessing such a weapon. He was charged with being a felon in possession of a firearm, and a shotgun – regardless of its length – is a firearm. See 18 U.S.C. § 921(a)(3). Counsel was not ineffective for failing to pursue this issue.

### D. Ineffective Assistance of Counsel at Sentencing – Failure to Challenge Movant's Classification as an Armed Career Criminal

Movant presents several arguments he believes Ms. Burns should have raised at sentencing in order to avoid his classification as an armed career criminal. An armed career criminal is a person who commits certain offenses (including being a felon in possession of a firearm) and who "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). A violent felony is a felony that "has as an element the use, attempted use, or threatened use of physical force against" another person. Id. § 924(e)(2)(B)(i). Certain crimes are statutorily defined as "violent;" burglary is one such crime. Id. § 924(e)(2)(B)(ii).

Movant contends he does not have three prior violent felony convictions. However, two of the convictions are for burglary, and as stated burglary is statutorily defined as a violent felony. The Eighth Circuit has also held that statutory sodomy is a violent felony because it presents a serious potential risk of physical injury to another person. United States v. Mincks, 409 F.3d 898, 900 (8th Cir. 2005), cert. denied, 546 U.S. 1176 (2006).[2] From the trio of 2000 convictions, at least the unlawful use of a

---

[2] The PSR indicates the victim of the sodomy was five years old. Any effort to suggest the crime did not involve force would have been futile and would not have changed the outcome of Movant's sentencing.

7

weapon conviction qualified as a violent felony.[3]  "Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony . . . because it involves the use, attempted use, or threatened use of physical force against the person of another." United States v. Pulliam, 566 F.3d 784, 788 (8th Cir. 2009) (quotations omitted).  The other convictions may also have qualified as violent felonies.  See United States v. Jones, 574 F.3d 546, 550 (8th Cir. 2009) (second degree assault); United States v. Maddix, 96 F.3d 311, 314 n.2 (8th Cir. 1996) (dicta).  Thus, Movant was previously convicted three or more times for violent felonies committed on different occasions, and Ms. Burns was not ineffective for failing to argue otherwise.

Movant also alleges that his convictions were the product of involuntary pleas. "A defendant may not collaterally attack prior convictions used to enhance a sentence under the ACCA, however, unless he was denied the right to counsel."  United States v. Greer, 607 F.3d 559, 565 (8th Cir. 2010) (citing Custis v. United States, 511 U.S. 485, 487 (1994)).  The Record reflects Movant was represented by counsel in the state court proceedings, so Ms. Burns was not ineffective for failing to contest the validity of those convictions.

### E.  Self-Representation

Movant's fifth argument relates in some way to his right to self-representation.  At times, he appears to be complaining that he should not have been allowed to proceed as his own attorney.  This claim is belied by the Record.  At other times he seems to be complaining about the choice given to him by Judge Larsen to either (1) retain counsel, (2) represent himself, or (3) request that an attorney be appointed, in which case Ms. Burns would be appointed to represent him.  Indigent defendants are not entitled to have the attorney of their choice appointed to represent them.  Cf. United States v.

---

[3]To be counted separately, the violent felonies must have been convicted on separate occasions.  All three crimes involved in the 2000 case happened on the same occasion, so only one can count for purposes of the ACCA even if all of them are violent.

8

Espino, 317 F.3d 788, 798-99 (8th Cir. 2003). There was no valid reason prohibiting appointment of Ms. Burns, and her familiarity with Movant's case made the choice logical and reasonable. Finally, it may be that Movant is contending the designation of Ms. Burns as Movant's standby counsel violated his right to self-representation. This argument has been rejected by the Court of Appeals. See United States v. Keiser, 578 F.3d 897, 903 (8th Cir. 2009).

### F. Ineffective Assistance of Counsel – Motion to Suppress

Movant contends he received ineffective assistance of counsel when Ms. Burns failed to argue the search of the bedroom violated his constitutional rights because he had a "legitimate expectation of privacy in his temporary quarters." This argument was raised both before this Court and on appeal; the Court of Appeals characterized one of the issues on appeal as an argument "that the search was illegal and that the gun should have been suppressed because the officers did not obtain a search warrant." Henderson, 553 F.3d at 1165. The argument was rejected because, even if a warrant was required, exigent circumstances justified the search. Id. Therefore, neither of Strickland's prongs was violated.[4]

### G. Ineffective Assistance of Counsel – Failure to Challenge Composition of Jury Pool

Movant contends he asked his attorney to challenge the composition of the jury pool. After the trial, he requested and was given a copy of the Court's Jury Selection Plan and statistical information regarding the racial makeup of the jury wheel. He now contends these documents demonstrate the systematic exclusion of minorities. His claim lacks merit, so the failure to raise the issue did not prejudice him.

---

[4]In light of this holding, there is no need to address the Government's additional argument that Movant represented himself during the suppression hearing so he cannot raise a Strickland argument.

9

The jury pool is comprised of people living in this judicial district who are registered to vote or possess drivers licenses.  Movant essentially argues there were no African-Americans on his panel (a fact the Record neither confirms nor denies), and from this premise concludes it must be due to systematic exclusion.  This argument has been rejected.  "To demonstrate the existence of systematic exclusion, a defendant must prove unfair underrepresentation of the excluded group on his venire and in general on other venires in the relevant judicial system near the time of his trial."  Singleton v. Lockhart, 871 F.2d 1395, 1398 (8th Cir. 1989).  As a general proposition, the use of voter registration has been approved as a constitutional means of forming jury pools, even if such an approach leads to the underrepresentation of a particular group.  Roberson v. Hayti Police Dep't, 241 F.3d 992, 996-97 (8th Cir. 2001); Floyd v. Garrison, 996 F.2d 947, 949 (8th Cir. 1993).

### H.  Miscellaneous Arguments

In Ground Eight, Movant presents several arguments.  First, he contends a sentence of supervised release was unlawful, apparently because the statute providing for supervised release (18 U.S.C. § 3583) is not contained within the statute criminalizing his conduct.  This argument is frivolous, and counsel was not ineffective for failing to raise it.  Second, he contends that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), invalidated the Sentencing Guidelines and re-instituted the prior system of allowing for the possibility of parole.  This is simply an incorrect reading of Booker.  Third, he contests the Government's standing to prsoecute this case, arguing nobody suffered a personal injury.  This argument is also frivolous: a sovereign always has standing to prosecute violations of valid criminal statutes.  Finaly, Movant argues his prosecution violates the Second Amendment.  This argument has been rejected repeatedly.  E.g., United States v. Seay, 620 F.3d 919, 923-25 (8th Cir. 2010); see also United States v. Jacobson, 406 Fed. Appx. 91, 92-93 (8th Cir. 2011); United States v. Irish, 285 Fed. Appx. 326, 327 (8th Cir. 2008).

## III. CONCLUSION

The motion for postconviction relief is denied.

IT IS SO ORDERED.

DATE: May 9, 2011

/s/ Ortrie D. Smith<br>ORTRIE D. SMITH, SENIOR JUDGE<br>UNITED STATES DISTRICT COURT